STATE ex rel. Lawrence SPERANDIO,
Relator,

v.

Honorable Lewis W. CLYMER, Judge,
16th Judicial Circuit, Respondent.

No. 60411.

Supreme Court of Missouri,
En Banc.

April 10, 1978.

Rehearing Denied April 28, 1978.

John C. Milholland, Harrisonville, E. J. Murphy, Butler, for relator.

Jack G. Beamer, Jerry M. Drewry, Kansas City, for respondent.

DONNELLY, Judge.

This is mandamus.

Relator Sperandio charges Harvey R. Michael (a Missouri doctor), Daniel L. Yancey (a Missouri doctor), Paul A. Pemberton (a Salt Lake City, Utah doctor), and others, with medical malpractice and other tortious conduct.

Sperandio consulted Doctor Michael regarding subluxation of the bones in his hip joints. Michael had heard Doctor Pemberton speak on congenital subluxation of the hip bones, and consulted Doctor Pemberton by mail. He sent the results of his clinical examination of Sperandio together with x-ray films to Pemberton in Salt Lake City, Utah. Pemberton wrote a letter of instruction to Michael and illustrated by drawing directly upon an x-ray negative the nature, direction and extent of the osteotomy required to be made on Sperandio. On December 2, 1967, Sperandio submitted to surgery performed by Michael and Yancey.

On January 3, 1975, Sperandio filed a Petition for Damages in the Circuit Court of Jackson County, Missouri. Pemberton was named a defendant. Service of process on Pemberton was requested through the Sheriff of Salt Lake City, Utah.

On February 13, 1975, Pemberton filed a Motion to Quash Process and Return of Process and to Discharge Pemberton. On March 7, 1975, the motion was sustained.

On August 3, 1977, Pemberton was again served with summons and petition in Salt Lake City, Utah.

On September 19, 1977, Respondent sustained a Motion to Dismiss Pemberton.

On October 17, 1977, Sperandio petitioned this Court, in mandamus, seeking to have the order of September 19, 1977, set aside.

On November 14, 1977, our Alternative Writ of Mandamus was ordered to issue.

This case was argued and submitted on January 25, 1978.

Sperandio asserts that service of process on Pemberton in Utah was proper under the provisions of § 506.500, RSMo 1969, which reads in pertinent part as follows:

"Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

    \*     \*     \*     \*     \*     \*

"(3) The commission of a tortious act within this state;"

    \*     \*     \*     \*     \*     \*

In *State ex rel. Deere and Company v. Pinnell,* 454 S.W.2d 889, 892 (Mo. banc 1970), this Court declared that the ultimate objective of § 506.500, supra, "was to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States."

The "extent permissible under the Due Process Clause" was articulated by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), as follows:

"Historically the jurisdiction of courts to render judgment *in personam* is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him. *Pennoyer v. Neff,* 95 U.S. 714, 733, 24 L.Ed. 565. But now that the *capias ad respondendum* has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

We believe the following "contacts" are sufficient in this case to satisfy due process under the teachings of *International Shoe*: (1) Missouri has an interest in securing redress for its citizen who has had no contact with Utah and who was injured in Missouri; and (2) Doctor Pemberton's acts were performed for the purpose of causing an effect in Missouri. In our opinion, the maintenance of this suit in Missouri does not offend " 'traditional notions of fair play and substantial justice.' "

In *Jones Enterprises, Inc. v. Atlas Service Corp.,* 442 F.2d 1136 (9th Cir. 1971), an action to recover damages for breach of contract for the collapse of an apartment building in Alaska, defendants appealed from an order denying their motions to quash service upon them. Defendants had contracted with plaintiff, a general contractor, to supply building materials and designs for the building which collapsed. When sued, defendants contended they were immune from the assertion of *in personam* jurisdiction in Alaska because they did not have sufficient contacts with Alaska to render them amenable to service of process. One defendant, a sub-subcontractor, T. Y. Lin & Associates ("Lin"), contended it had insufficient minimum contacts with Alaska because it had no physical contacts with the state and the wrong which it allegedly committed, supplying faulty designs to the contractor, did not occur within the state. The court, however, found that minimum contacts were established despite the absence of direct contacts with the state, by the fact that Lin knew that the ultimate destination of its work product was Alaska and that any harm suffered due to defective designs would be suffered in Alaska.

In the present case, Dr. Pemberton knew that the information which he conveyed to a Missouri physician and the designs which he drew on plaintiff's x-rays to illustrate the proposed operation would be utilized in Missouri to aid in performing an operation on a Missouri resident. Sufficient minimum contacts were thus established in this

case to make Dr. Pemberton amenable to service of process.

We express no opinion as to whether Sperandio has pleaded, or can prove, a cause of action against Doctor Pemberton. However, we believe that service of process in Utah was proper under the circumstances in this case and that the order of dismissal should be set aside.

The alternative writ of mandamus is made peremptory.

MORGAN, C. J., BARDGETT, REND-LEN and SEILER, JJ., STOCKARD and HOUSER, Special Judges, concur.

HENLEY and FINCH, JJ., not sitting.